IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 06 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**RACHEL STALLSWORTH,**
**Individually and on behalf of**
**Others Similarly Situated**

**PLAINTIFF**

vs.                    No. 4:11-CV-296SWW

**THE EDGE NIGHTCLUB, INC.,**
**individually and d/b/a SENSATIONS, and**
**CLUB ILLUSIONS, individually and**
**d/b/a SENSATIONS, and**
**RICKY J. EDGE, individually and**
**d/b/a SENSATIONS, and**
**MINOR BOOTH, individually and**
**d/b/a SENSATIONS**

This case assigned to District Judge _Wright_
and to Magistrate Judge _Ray_

**DEFENDANTS**

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Rachel Stallsworth, individually and on behalf of others similarly situated, by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Complaint against Defendants The Edge Nightclub, Inc., individually and d/b/a Sensations, Club Illusions, individually and d/b/a Sensations, Ricky J. Edge, individually and d/b/a Sensations, and Minor Booth, individually and d/b/a Sensations (hereinafter referred to collectively as "Defendants"), states and alleges as follows:

# I.

## **INTRODUCTION**

1.      This is both a collective action and a representative action brought by Plaintiff Rachel Stallsworth, individually and on behalf of others similarly situated, defined below, against Defendants.

2.      The class is composed of female employees who, during the relevant time period, worked as exotic dancers for Defendants and were denied their fundamental rights under applicable federal and state laws.

3.      Specifically, Plaintiff complains that Defendants intentionally misclassified Plaintiff and those similarly situated as "independent contractors," as opposed to employees, at all times in which they worked as dancers at the nightclub operated by Defendants.  As a result, Defendants failed to pay Plaintiff and all other members of the proposed class the minimum wages to which they were entitled under both state and federal law.

4.      In addition, Defendants required Plaintiff to pay to Defendants and other employees of Defendants a fee from tips she received in violation of 29 U.S.C. § 203 (m).

5.      Plaintiff brings this action for declaratory judgment, damages, back-pay, restitution, liquidated damages, civil penalties, prejudgment interest, and any other relief that the Court deems just and reasonable under the circumstances.

6.      With respect to the Arkansas Minimum Wage Act and the claims for unjust enrichment, the proposed Rule 23 class is composed of female employees

who, during the relevant time period, worked as exotic dancers for Defendant and were denied their clearly-established, fundamental rights under applicable state laws and common law principles of unjust enrichment.

## II.

## JURISDICTION AND VENUE

7.     Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8.     This Complaint also alleges causes of action under the common law of the State of Arkansas, which arise out of the same set of operative facts as the federal causes of action and which would be expected to be tried in a single judicial proceeding with the federal claims.  Accordingly, this Court has pendent jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

9.     The acts complained of herein were committed and had their principal effect within the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.

## PARTIES

10.     Plaintiff Rachel Stallsworth (hereinafter "Stallsworth") is a citizen of the United States and a resident of and domiciled in Hensley, Saline County, Arkansas.  Plaintiff worked at Defendants' place of business located at 6715

John Hardin Drive, Jacksonville, Arkansas from May 2009 through November 2009.

11.     At all times relevant to this Complaint, Stallsworth was improperly classified by Defendant as an independent contractor, but in reality was an employee of Defendant subject to the requirements of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

12.     Plaintiff brings this action on behalf of herself and all other individuals who worked at Defendant's place of business at 6715 John Hardin Drive, Jacksonville, Arkansas, past (within the three years immediately preceding the filing of this case), present or future, who were, are or will be classified as independent contractors but in reality are, were or will be employees of Defendant subject to the requirements of the FLSA and the AMWA.

13.     At all relevant times, each Defendant has been the employer of Plaintiff and the proposed collective class as defined by the FLSA.  As such, each Defendant violated the laws set forth below and is jointly and severally liable to Plaintiff and to the proposed collective class.

14.     At all relevant times, each Defendant has been the employer of Plaintiff and the proposed Fed. R. Civ. Pro. 23 class as defined by the AMWA. As such, each Defendant violated the laws set forth below and is jointly and severally liable to Plaintiff and to the proposed class.

15.     Defendant, The Edge Nightclub, Inc., is a domestic nonprofit corporation and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) ), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, for

all relevant time periods. For all of the similarly situated employee Plaintiffs, The Edge Nightclub, Inc., is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d) and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203. The registered agent for The Edge Nightclub, Inc., is Arkansas Corporation Services, Inc., whose address is 3215 Laredo Drive, Little Rock, Arkansas 72206.

16.    Defendant Club Illusions, Inc., is a domestic nonprofit corporation and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, for all relevant time periods. For all of the similarly situated employee Plaintiffs, Club Illusions, Inc., is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203. The registered agent for Club Illusions, Inc., is Arkansas Corporation Services, Inc., whose address is 3215 Laredo Drive, Little Rock, Arkansas 72206.

17.    Upon information and belief, Ricky J. Edge (hereinafter "Edge") manages and controls the operation of the private club and dictates the employment policies of the club including but not limited to the decision to classify the dancers as independent contracts and to require that dancers split their tips with the club and other employees of the club.

18.    Defendant Ricky J. Edge is a citizen and resident of the State of Arkansas and upon information and belief is the owner and/or manager of Defendant Sensations. Upon information and belief, Edge owns, manages and

controls Sensations. Edge was at all times relevant to this Complaint, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

19.     Upon information and belief, Minor Booth (hereinafter "Booth") manages and controls the operation of the private club and dictates the employment policies of the club including but not limited to the decision to classify the dancers as independent contracts and to require that dancers split their tips with the club and other employees of the club.

20.     Defendant Minor Booth is a citizen and resident of the State of Arkansas and upon information and belief is the owner and/or manager of Defendant Sensations. Upon information and belief, Booth owns, manages and controls Sensations. Booth was at all times relevant to this Complaint, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

21.     At all relevant times, Defendants have owned and operated a night club business engaged in interstate commerce and which utilized goods which moved in interstate commerce. On information and belief, during the relevant time period the annual gross revenues of Defendants exceeded $500,000.00 per annum.

22.     Defendants were at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s). Defendants constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because they perform related activities through common control for a common business purpose. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

23. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereafter referred to as "FLSA").

24. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protection and benefits provided under the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

25. No exceptions to the application of the FLSA apply to Plaintiff and the proposed collective class. For example, Plaintiff and the proposed collective class have never been professionals or artists exempt from the provisions of the FLSA. The exotic dancing performed by Plaintiff and the proposed collective class does not require invention, imagination or talent in a recognized field of artistic endeavor, and they are not compensated on a set salary, wage or fee basis, but rather by tips given to them by patrons.

26. No exceptions to the application of the Arkansas Minimum Wage Act apply to Plaintiffs and the proposed Rule 23 class. *See* A.C.A. § 11-4-203(4)(A)-(Q) (itemizing persons who are not "employees" under the Arkansas Minimum Wage Act).

27. Plaintiffs and the proposed Rule 23 class have never been professionals, students, or executives exempt from the provisions of the AMWA.

28. While work as an independent contractor is an exception to the definition of "employee" under the AMWA, Plaintiff does not fit the definition thereof, to wit: "'Independent contractor' means any individual who contracts to

perform certain work away from the premises of his or her employer, uses his or her own methods to accomplish the work, and is subject to the control of the employer only as to the result of his or her work." *See* A.C.A. § 11-4-201, et seq.

29. Plaintiff and the proposed classes of plaintiffs are exotic dancers that by definition must perform their work on Defendants' premises, dancing in similar, untrained ways, under the direct and strict control of Defendants.

## IV.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

30. Defendants are and/or operate a private club that provides entertainment to its patrons in the form of music, alcoholic beverages and live dancers.

31. Plaintiff and others similarly situated dance in the club without very many clothes on.

32. Stallsworth was employed by Defendants as a dancer from May 2009 through November 2009, and was classified as an independent contractor. During this time period, Defendants did not pay Stallsworth any wages or other compensation. Stallsworth typically worked ten (10) hour shifts, from 7:00 p.m. until 3:00 a.m., six (6) days a week, resulting in an average of sixty (60) hours worked each week.

33. During the relevant time period, Defendants intentionally misclassified all women who worked as dancers, including Plaintiff, as independent contractors as opposed to employees. As a result of this intentional

misclassification, Plaintiff and the members of the proposed collective class were not paid the minimum wages required under the FLSA.

34.    As a result of this intentional misclassification, Plaintiff and the members of the proposed Rule 23 class were not paid the minimum wages required under the AMWA.

35.    During the relevant time period, no proposed collective class member or proposed Rule 23 class member received any wages or other compensation from Defendants.  Members of the class generated their income solely through the tips received from customers when they performed dances.

36.    Plaintiff and the members of the proposed collective class are tipped employees under the FLSA as they are engaged in an occupation in which they customarily and regularly receive more than $30.00 each month in tips. Throughout the relevant time period Plaintiff and each class member have averaged more than $7.25 per hour in tips.  Nevertheless, as employees of Defendants, Plaintiff and the proposed class members remain entitled to: (i) receive minimum wages under the FLSA, and (ii) retain all tips given to them by customers when they performed dances.

37.    Plaintiff and the members of the proposed Rule 23 class are tipped employees under the AMWA as they are engaged in an occupation in which gratuities have been "customarily and usually constituted and have been recognized as a part of remuneration for hiring purposes." A.C.A. § 11-4-212. Throughout the relevant time period Plaintiff and each class member have averaged more than $6.25 per hour in tips.

38.     Nevertheless, as employees of Defendants, Plaintiff and the proposed class members remain entitled to: (i) receive minimum wages under the AMWA and (ii) to retain all tips given to them by customers when they performed dances.

39.     Defendants' misclassification of Plaintiff and other proposed class members as independent contractors was designed to deny class members their fundamental rights as employees to receive minimum wages, to retain all tips given to them by customers and was done to enhance Defendants' profits.

40.     Defendants' misclassification of the proposed collective class and members and proposed Rule 23 class and members was willful.  Defendants knew, or should have known, that Plaintiff and the proposed classes were improperly classified as independent contractors.  For instance, in Harrell v. Diamond A Entertainment, Inc., 992 F.Supp. 1343, 1347-48 (M.D. Fla. 1997) the United States District Court for the Middle District of Florida confirmed:

> Arrangements factually similar to the one in this case have been tested by federal courts in Texas, Indiana and Colorado.  See Reich v. Circle C. Investments, Inc., 998 F.2d 324 (5th Cir. 1993) (whether dancer was "employee" under FLSA); Reich v. ABC/York-Estes Corp., 1997 WL 264379 (N.D.Ill. 1997) (whether dance fees were "tips" under FLSA); Reich v. Priba Corp., 890 F.Supp. 586 (N.D.Tex. 1995) (whether dancer was "employee" under FLSA); Reich v. ABC/York-Estes Corp., 157 F.R.D. 668 (N.D.Ill. 1994) (whether dance fees were "tips" under FLSA), rev'd on other grounds, 64 F.3d 316 (7th Cir. 1995); Martin v. Priba Corp., 1992 WL 486911 (N.D.Tex.) (whether dancer was "employee" under FLSA); Martin v. Circle C. Investments, Inc., 1991 WL 338239 (W.D. Tex); Donovan v. Tavern Talent & Placements, Inc., 1986 WL 32746 (D.Colo.) (whether "tips" could be used to offset completely the minimum wage requirement).  ***Without exception, these courts have found an employment relationship and required the nightclub to pay its dancers a minimum wage.***

(Emphasis added).

41.  The touchstone for determining whether an individual is an "employee" under the FLSA is the "economic reality" test.  Under the test, employee status turns on whether the individual is, as a matter of economic reality, in business for herself.  Here, as a matter of economic reality, Plaintiff, and other members of the proposed class, were not in business for themselves and truly independent, but rather were "economically dependent" on Defendants.

42.  Courts utilize six factors to determine economic dependence.  They are (i) the degree of control exercised by the alleged employer, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business.

43.  The totality of the circumstances surrounding the employment relationship between Defendants and Plaintiff establishes economic dependence by Plaintiff on Defendants.

44.  Plaintiff and other members of the class are not in business for themselves, but are dependent upon finding employment with others, namely Defendants.

**A. Degree of Control – Plaintiff and Members of the Proposed Classes Exercise No Control Over Their "Own" Or Their Employers' Business.**

45.    Plaintiff and the other members of the proposed classes do not exert meaningful control over Defendants' business and do not stand as separate economic entities from Defendants.

46.    Defendants exercise control over all aspects of the working relationship with Plaintiff and other members of the proposed classes.

47.    The economic status of Plaintiff and the other members of the proposed classes is inextricably linked to those conditions over which Defendants have complete control.  They are completely dependent on the club for their earnings.

48.    Defendants control all of the club's advertising and promotion, without which the dancers could not survive economically.

49.    Plaintiff and other members of the proposed classes are restricted from working at other exotic dance clubs while in a working arrangement with Defendants.

50.    Defendants set the hours of operation, the show times during which a dancer may perform, conduct while at work (e.g., dancers are only permitted to take breaks at times authorized by Defendant; dancers may not use their personal cell phones at work; dancers are forbidden from using their real name when interacting with club patrons), and all other terms and conditions of employment.

51.     Dancers are required to account to Defendant for all dances they perform in the club.  Defendant requires that the dancers pay a fee from their tips to the disc jockey and to Defendant as "house fees."

52.     In addition, dancers are required to pay a separate portion of their tips to Defendant each time they perform private dances.  Private dances are available to club patrons at an additional minimum cost set by Defendant.

53.     Defendants alone establish the fee split which each dancer is required to pay it and the disc jockey for each type of dance for which they receive tips during the work shift (i.e., how much per lap dance, and how much of the tips received for other types of dances such as stage dances.)

54.     Defendant increases the "house fees" the dancers must pay to Defendant if they are late for their scheduled shift.

55.     Ultimately, Defendants set the terms and conditions of Plaintiff's' and all proposed Rule 23 and collective class members' work.  This is the hallmark of economic dependence.

**B.  Skill and Initiative Required in Performing the Job.**

56.     Plaintiff and the other members of the proposed classes do not exercise the skill and initiative of a person in business for themselves.

57.     Plaintiff and the other members of the proposed classes are not required to have any specialized or unusual skills to work at Defendants' private club.  Prior dance experience is not required.  They are not required to attain a certain level of skill in order to work at the private club.  There are no dance

seminars, no specialized training, no instruction booklets, and no choreography provided or required in order to work at the private club.

58.     The dance skills utilized are commensurate with those exercised by ordinary people who choose to dance at a disco or at a wedding.

59.     Plaintiff and the other members of the proposed classes do not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of independent contractors.

60.     Plaintiff owns no enterprise.

61.     Plaintiff exercises no business management skills.

62.     Plaintiff maintains no separate business structures or facilities.

63.     Plaintiff does not exercise control over customer volume or the atmosphere at the private club.

64.     Plaintiff does not actively participate in any effort to increase the club's client base, enhance goodwill, or establish contracting possibilities.

65.     The scope of Plaintiff's initiative is restricted to decisions involving what clothes to wear (within Defendants' guidelines) or how provocatively to dance which is consistent with the status of an employee, not an independent contractor.

66.     Plaintiff and other members of the proposed collective and Rule 23 classes are not permitted to hire or subcontract other qualified individuals to provide additional dances to patrons, which they would be able to do if they were independent contractors and in business for themselves.

## C. Relative Investment.

67.     Plaintiff and the other members of the proposed collective and Rule 23 classes have made miniscule investments into their employment, particularly when compared to the investment made by Defendants.

68.     Plaintiff and other members of the proposed collective and Rule 23 classes make no capital investment in the facilities, advertising, maintenance, sound system and lights, food, beverage and other inventory, or staffing of the club.

69.     Plaintiff and other proposed collective and Rule 23 class members' investment is limited to expenditures on costumes and make-up which they may choose to wear while working, and their own labor.  But for Defendants' provision of the club the dancers work in, Plaintiff and the members of the proposed collective and Rule 23 classes would earn nothing.

## D. Opportunity for Profit and Loss.

70.     Defendants, not Plaintiff and other members of the proposed collective and Rule 23 classes, manage all aspects of the business operation. Defendants establish the hours of operation, set the atmosphere, coordinate advertising, hire and control the staff (managers, waitresses, bartenders, bouncers/doormen, etc.).  Defendants, not Plaintiff and other members of the proposed collective and Rule 23 classes, take the true business risks for the club.

71.     Plaintiff and other members of the proposed collective and Rule 23 classes do not control the key determinants of profit and loss of a successful

enterprise. Specifically, Plaintiff and the classes are not responsible for any aspect of the enterprise's on-going business risk. For example, Defendants, not Plaintiff or the proposed collective and Rule 23 classes, are responsible for all financing, the acquisition and/or lease of the physical facilities and equipment, inventory, the payment of wages (for managers, bartenders, doormen, and waitresses), and obtaining all appropriate business insurance and licenses.

72.    Defendants alone establish the minimum tip amounts that should be collected from patrons for private dances.

### E. Permanency of the Relationship.

73.    Defendants do not permit Plaintiff and other members of the proposed collective and Rule 23 classes to dance professionally at any other venue while employed by Defendants.

74.    Plaintiff and members of the proposed collective and Rule 23 classes have a long-term relationship with Defendants and dance at their location multiple times.

### F. Integral Part of the Employer's Business.

75.    Plaintiff and the other members of the proposed collective and Rule 23 classes are dancers that are essential to the success of Defendants' business. In fact, the primary reason the private club exists is to showcase the dancers' physical attributes for customers.

76.    Defendants also serve alcoholic beverages at the club. Defendants are able to charge a much higher price for their drinks than establishments without exotic dancers because the dancers are the main attraction of the club.

As a result, Plaintiff and the other members of the proposed collective and Rule 23 classes are an integral part of Defendants' business.

77.     The foregoing demonstrates that Plaintiff and the members of the proposed collective and Rule 23 classes are economically dependent on Defendants.

78.     Plaintiff and the members of the proposed collective and Rule 23 classes were misclassified as independent contractors and should have been paid minimum wages through the relevant time period and otherwise afforded the rights of employees.

## V.

## DEFENDANTS' INTENT

79.     All actions by Defendants were willful and not the result of mistake or inadvertence.

80.     Defendants knew or should have known that the FLSA and AMWA applied to their operation of the private club at all relevant times.   Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

81.     Cases in support of the position taken by Plaintiff in this lawsuit are legion.

82.     In those prior cases, exotic dancers working under conditions similar to those employed by Defendants were determined to be employees under the FLSA, not independent contractors.

83.    Despite being on notice of their violations, Defendants chose to continue to misclassify Plaintiff and other members of the proposed collective and Rule 23 classes and withhold minimum wages to them in effort to enhance their profits.

## VI.

## INJURY AND DAMAGE

84.    Plaintiff and all other members of the proposed collective and Rule 23 classes have suffered injury, incurred damages and financial loss as a result of Defendants' conduct complained of herein.

## VII.

## COLLECTIVE ACTION ALLEGATIONS

85.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated dancers improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to payment of minimum wage and applicable overtime premiums for all hours worked for Defendants.

86.    The relevant time period dates back three years from the date in which this Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

87.    Plaintiff is unable to state the exact number of members of the proposed collective class but believes that the class exceeds 30 persons but is less than 200 persons.

88.    Defendants can readily identify the members of the proposed collective class.   The names and addresses of the FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action plaintiffs via first class mail to their last known address as soon as possible.

89.    The email addresses of many of the FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action plaintiffs via email to their last known email address as soon as possible.

90.    The claimed damages exceed $100,000.00.

91.    Plaintiff asserts that other current and former dancers are similarly situated in that they are and/or were subject to Defendants' same policy and practice of misclassifying dancers as independent contractors, as opposed to employees, and were not paid the minimum wage required under the FSLA.

92.    The proposed FLSA collective class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

      a.    Defendants' failure to compensate members of the class at the minimum wage rate required by the FLSA, 29 U.S.C. § 203(m);

b.   Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

c.   Defendants required members of the class to pay Defendants and other employees of Defendants a flat fee from the tips they received in violation of 29 U.S.C. § 203 (m).

## VIII.

## **RULE 23 CLASS ACTION ALLEGATIONS UNDER THE AMWA**

93.   Plaintiffs also bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated dancers improperly classified as independent contractors at any time within the applicable statute of limitations period for the purpose of obtaining relief under Arkansas law for unpaid wages and unpaid overtime wages under the Arkansas Minimum Wage Act. A.C.A. § 11-4-201, *et seq.*

94.   The relevant time period for the Rule 23 class dates back two years from the date on which this Complaint was filed and continues forward through the date of judgment pursuant to A.C.A. § 11-4-201, *et seq.*

95.   The members of the proposed class are so numerous that joinder of all members is impracticable. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 50 persons but is less than 200 persons.

96.   Plaintiffs will fairly and adequately represent and protect the interests of the proposed Rule 23 class because there is no conflict between the claims of the Plaintiffs and those of the proposed Rule 23 class, and Plaintiffs'

claims are typical of the claims of the proposed Rule 23 class members. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they capable and willing to associated additional counsel.

97.    Plaintiffs have consented to the association of additional counsel.

98.    There are questions of law and fact common to the proposed Rule 23 class which predominate over any questions affecting only individual members of the proposed Rule 23 class.

99.    The proposed AMWA class members have common questions of law and fact in that they are all exotic dancers that have been subject to uniform practices by Defendant which violated the AMWA, including:

a.    Defendant's failure to compensate members of the class at the minimum wage rate required by the AMWA, at A.C.A. § 11-4-210 and/or § 11-4-212; and

b.    Defendant's failure to pay members of the class overtime compensation in violation of the AMWA, A.C.A. § 11-4-211.

100.    Plaintiffs' claims are typical of the claims of the proposed Rule 23 class in the following ways: (1) certain Plaintiffs are members of the proposed Rule 23 class; (2) those Plaintiffs' claims arise out the same policies, practices, and course of conduct that form the basis of the proposed Rule 23 class; (3) Plaintiffs' claims are based on the same legal and remedial theories as those of the proposed Rule 23 class and involve similar factual circumstances; (4) there are no conflicts between the interests of the named Plaintiffs and the Rule 23

class members; and (5) the injuries suffered by the named Plaintiffs and the Rule 23 class members.

101.   Class certification is appropriate under FRCP 23(b)(3), because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed Rule 23 class.

102.   Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail.

103.   No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy

104.   The proposed Rule 23 class is readily identifiable from Defendant's own employment and/or business records.

105.   Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed Rule 23 class that would establish incompatible standards of conduct for Defendant.

106.   A Rule 23 class action is superior to other available methods for adjudication of this aspect of the controversy because joinder of all members is impracticable. Furthermore, the amounts at stake for many of the proposed Rule

23 class members, while potentially substantial, are not great enough to enable them to maintain separate suits against Defendant.

107.   Without a Rule 23 class action, Defendants will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the proposed class.

## IX.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA

## (Failure to Pay Statutory Minimum Wages)

108.   Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

109.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

110.   At all relevant times Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

111.   At all relevant times Defendants have employed and/or continue to employ "employee[s]," including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants have had annual gross operating revenues in excess of $500,000.00.

112.   29 U.S.C. § 206 requires that Defendants pay all employees minimum wages for all hours worked.  29 U.S.C. § 206(a) provides in pertinent part:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
> (1) Except as otherwise provided in this section, not less than--
>
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
>
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
>
> (C) $7.25 an hour, beginning 24 months after that 60th day.

113.   29 U.S.C. §207(a) provides in pertinent part:

> ...no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged n commerce or in the production of goods for commerce for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

114.   Defendants failed to pay proposed collective class members the minimum wages set forth in 29 U.S.C. §§ 206 and 207, or any wages whatsoever.

115.   In fact, Defendants required that Plaintiff and other similarly situated proposed collective class members pay Defendants in order to work.

116.   Defendants failed to pay Plaintiff and all other members of the proposed collective class their earned minimum wages throughout the relevant time period because it misclassified them as independent contractors.

117.   The amounts paid to Plaintiff and the proposed collective class members by customers in relation to dances performed were tips, not wages, and cannot be used to offset Defendants' obligation to pay proposed collective class members minimum wages.

118.   The FLSA permits an employer to allocate an employee's tips to satisfy a portion of the statutory minimum wage requirement provided that the following two conditions are satisfied: (1) the employer must inform the tipped employees of the provisions of 29 U.S.C. § 203(m); and (2) tipped employees must retain *all the tips* received except tips included in a tipping pool among employees who customarily receive tips.  29 U.S.C. § 203(m).

119.   Neither of these conditions was satisfied by Defendants in this case.

120.   Defendants did not inform Plaintiff or other members of the proposed collective class of the provisions of 29 U.S.C. § 203(m).

121.   Plaintiff and other proposed collective class members did not retain all the tips received except those tips included in a tipping pool among employees who customarily receive tips.

122.   Defendants never notified Plaintiff and other proposed collective class members that their tips were being used to reduce the minimum wages otherwise due under FLSA's tip-credit provisions and that they were still due the

reduced minimum wage for tipped employees. Rather, Defendants have always maintained that Plaintiff and members of the proposed collective class were never due any minimum wages due to their intentional misclassification as independent contractors; and in turn, Defendants paid them no wages.

123.   Further, Defendants' requirement that Plaintiff and other proposed collective class members split their tips and pay Defendants and other employees of Defendants a percentage of all tips paid in relation to dances they performed was not part of a valid tip pooling or sharing arrangement. The amounts Plaintiff and other members of the proposed collective class paid Defendants and other employees of Defendants were not shared with co-employees who customarily receive tips. Rather, the amounts collected from Plaintiff and other proposed collective class members were retained by Defendants and/or paid to other employees of Defendants who do not customarily receive tips.

124.   Based on the foregoing, Plaintiff and all members of the proposed collective class are entitled to the full statutory minimum and overtime wages set forth in 29 U.S.C. §§ 206 and 207 for all periods in which they worked for Defendants.

125.   Defendants' conduct in misclassifying Plaintiff and other proposed collective class members as independent contractors was willful and done to avoid paying them minimum and overtime wages and the other benefits they were legally entitled to.

126.   The FLSA provides that a private civil action may be brought for the payment of federal minimum and overtime wages and for an equal amount in liquidated damages in any court of competent jurisdiction by an employee on behalf of herself and other employees similarly situated pursuant to 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

127.   Moreover, Plaintiff may recover attorneys' fees and costs incurred in enforcing her rights pursuant to 29 U.S.C. § 216(b).

128.   Based on the foregoing, Plaintiff seeks on behalf of herself, and all members of the proposed collective class, unpaid minimum wages at the required legal rate for all of her working hours during the relevant time period, reimbursement of any house fees, liquidated damages prejudgment interest, attorneys' fees and costs and all other costs and penalties allowed by law.

## X.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA

### (Unlawful Collection of Tips/Gratuities by Defendants)

129.   Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

130.   The amounts paid to Plaintiff and the other members of the proposed collective class by customers in relation to dances they performed were tips under the FLSA, not wages.

131.   Defendants required Plaintiff and other proposed collective class members to share those tips with Defendants and other employees of Defendants.

132.   Under the FLSA tipped employees are entitled to retain all the tips received from patrons except those tips included in a tipping pool among employees who customarily receive tips.

133.   Defendants' requirement that Plaintiff and other members of the proposed class split their tips with Defendants and with other employees of Defendants was not part of a valid tip pooling or sharing arrangement.

134.   The amounts Plaintiff and other class members paid to Defendants and other employees of Defendants were not shared with co-employees who customarily receive tips.   Rather, the amounts were retained by Defendants and/or distributed to other employees of Defendants who do not customarily receive tips.

135.   By reason of the foregoing Defendants violated the FLSA.

136.   As a direct result of Defendants' unlawful conduct, Plaintiff and all members of the proposed class have suffered injury, incurred damages and financial loss in an amount to be determined at trial.   In addition to other relief due, all tips which Plaintiff and other class members split with Defendants and

other employees of Defendants should be refunded to the Plaintiff and the other members of the class along with prejudgment interest.

## XI.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE FLSA

## (Failure to Maintain Records)

137.   Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein, except to the extent the foregoing allegations are inconsistent with those set forth in this count.

138.   29 U.S.C. § 211(c) provides in pertinent part:

(c)    Records

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

139.   29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

140.   29 U.S.C. § 215(a)(5) provides in pertinent part:

...[I]t shall be unlawful for any person –

(5) to violate any provision of section 211(c) of this title...

141. Defendants failed to maintain all records required by the aforementioned statutes and regulations, including those showing all hours Plaintiff and other members of the proposed collective class worked during the relevant time period.

142. As a result of the foregoing, Defendants have violated the FLSA.

143. Defendants' conduct was willful and not the result of mistake or inadvertence. It would be inequitable for Defendants to retain the benefits received as a result of its misconduct.

144. As a direct result of Defendants' unlawful conduct, Plaintiff and all other members of the proposed collective class have suffered injury, incurred damages and financial loss.

145. When the employer fails to keep accurate records of the hours worked by its employees, the rule in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-688, 66 S.Ct. 1187 (1946) is controlling. That rule states:

> ...where the employer's records are inaccurate or inadequate...an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

146. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors

without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with…the Act." *Id.*

147. Accordingly, Plaintiff, on behalf of herself and the members of the proposed collective class, seeks appropriate relief against Defendants including damages, restitution, estoppel from asserting the lack of employment records as a defense, penalties, liquidated damages, attorneys' fees and costs and all other relief just and appropriate in the circumstances.

## XII.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT/QUANTUM MERUIT

148. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

149. By unlawfully demanding and retaining Plaintiff' and members of the proposed collective and Rule 23 classes' wages and gratuities, Defendants obtained a substantial benefit and were unjustly enriched. Such conduct was detrimental to Plaintiff and the other members of the proposed class.

150. By unlawfully receiving value from Plaintiff's and the proposed classes members' labor without providing compensation therefore, Defendants obtained substantial benefits and were unjustly enriched at the expense of Plaintiff and the class.

151. Defendants' conduct was willful and not the result of mistake or inadvertence. It would be inequitable for Defendants to retain the benefits received.

152. As a direct result of Defendants' unlawful, unjust and inequitable conduct, Plaintiff and all members of the proposed collective and Rule 23 classes have suffered injury, incurred damages and financial loss in an amount to be determined at trial.

153. Accordingly, on behalf of herself and the members of the proposed class, Plaintiff seeks appropriate relief against Defendants including damages, restitution, a refund of all tips paid to Defendants and other employees of Defendants, prejudgment interest, attorneys' fees and costs and all other relief that the Court deems just and appropriate.

### XIII.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE AMWA

### (Failure to Pay the Arkansas State Statutory Minimum Wage and Overtime)

154. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

155. The forgoing conduct, as alleged, violated the Arkansas Minimum Wage Act, as codified at A.C.A. § 11.4-201 *et seq.*

156. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of A.C.A. § 11-4-203. Plaintiff and the Rule 23 class members are employees within the meaning of A.C.A. § 11-4-203.

157.   As a result of Defendant's failure to pay, and decision to withhold wages earned and due to current and former employees in the Rule 23 class for all work performed at the regular hourly wage rate in weeks where Plaintiff worked forty hours a week and for all work performed at the applicable overtime rate for hours worked beyond forty hours a week, Defendant has violated and continues to violate A.C.A. § 11-4-211.

158.   As a result of Defendant's failure to record, report, credit, and furnish to each of its employee exotic dancers, including the members of the Rule 23 class, their respective wage and hour records showing all wages earned and due for all work performed, Defendant has violated and continues to violate A.C.A. § 11-4-211.

159.   Plaintiff therefore seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus attorney's fees and costs of this action, as provided by A.C.A. § 11-4-218, along with any other legal and equitable relief the Court deems just and proper.

## XIV.

## DEMAND FOR JURY TRIAL

160.   Plaintiff demands a trial by jury upon all issues herein.

## XV.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Rachel Stallworth, on behalf of herself and for others similarly situated, respectfully prays that Defendants be summoned to appear and answer herein; for orders regarding certification of and notice to the proposed class; for an order of this Honorable Court entering judgment in Plaintiff's favor against Defendants and that the Court award Plaintiff and others similarly situated their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages, in addition to wages equal to the amount they were required to give Defendant and other employees as "DJ fees" and "house fees", overtime wages that have not been paid, for accrued interest, for their liquidated damages for Defendants' willful violation of the FLSA, for their attorneys' fees, costs, post-judgment interest, such other relief as provided by law and for such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**RACHEL STALLSWORTH,
Individually and on behalf of
Others Similarly Situated,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S SHACKLEFORD STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040
josh@sanfordlawfirm.com

BY:  _____

Josh Sanford
Ark Bar No. 2001037